UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.: 8:23-cr-342-JSM-SPF

CESAR AUGUSTO ROMERO CABALLERO
_____/

**DEFENDANT'S MEMORANDUM
FOR DOWNWARD VARIANCE**

**COMES NOW** the Defendant, **CESAR AUGUSTO ROMERO CABALLERO**, by and through undersigned counsel, and respectfully submits this memorandum in support of a substantial downward variance. Mr. Caballero respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" and shows the following in support:

1) Mr. Caballero's conduct was nonviolent, and he has expressed remorse for his involvement. He is concerned about keeping perspective on the scope of his involvement. For example, he was not involved with the DTO when he came legally to the United States.

2) Mr. Caballero is a first-time offender with a clean record and strong family support. He holds a degree in naval engineering and previously served honorably in the Colombian Navy. After relocating to the U.S., he was employed selling water filters for Royal Palm (see letter from his employer and photographs of happy customers from his work attached as Exhibits 1-3) and as a waiter to support himself and his family.

3) A sentence within the guideline range overstates Mr. Caballero's culpability and fails to reflect sentencing parity. Individuals with greater operational responsibility are yet to be sentenced. The totality of the circumstances shows his incarceration in the United States has served as effective deterrent to him and others about engaging in illegal conduct in Columbia when the actions lead to a negative impact in the United States.

4) As a non-citizen, the Defendant will not be able to serve any portion of his sentence in a halfway house. See U.S. Dept. of Justice Office of the Inspector General Audit Division, "The Federal Bureau of Prisons Inmate Release Preparation and Transitional Reentry Programs," at 51 (2004), available at https://oig.justice.gov/reports/BOP/a0416/final.pdf. This Court is certainly permitted to give some weight to the fact that the Defendant will likely serve a longer, and in some ways more difficult, actual prison term as a deportable alien than he would as a U.S. citizen. *See United States v. Navarro-Diaz*, 420 F.3d 581, 588-589 (6th Cir. 2005) (case remanded where "district court might well have shortened [the defendant's] sentence if it had had the discretion to do so" because district court noted that deportable defendants will experience a "harsher time because they are not eligible for halfway house placement .... So this defendant will be serving six months longer in an institution than someone who is an American citizen."); *United States v. Pacheco-Soto*, 386 F. Supp. 2d 1198 (D. New Mexico 2005) (deportable alien sentenced to below-guidelines sentence due to his ineligibility for early release, minimum security prison, or credits for participation in residential drug or alcohol abuse program; "These consequences are severe and unfair."). Therefore, non-citizen defendants often face additional challenges in accessing transitional reentry programs like halfway house placements, which can result in longer and more difficult periods of incarceration compared to their U.S. citizen counterparts.

## CONCLUSION

Mr. Caballero respectfully requests a downward variance and will argue in furtherance of his request at the hearing.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **25th day of March 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire