**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                    **CASE NO.: 8:23-cr-342-JSM-SPF**

**CESAR AUGUSTO ROMERO CABALLERO**
_____/

**DEFENDANT'S MOTON FOR RECONSIDERATION OF SENTENCE**

**COMES NOW** the undersigned attorney, MICHAEL P. MADDUX, and

moves this Court pursuant to Federal Rule of Criminal Procedure 35(a) to reconsider

the Judgment and Sentence entered on March 26, 2025 (Doc 102) after sentencing

held on March 26, 2025. In support of the reconsideration request, Defendant states

the following:

1)      On April 8, 2024, the Defendant, **CESAR AUGUSTO ROMERO**

**CABALLERO**, plead guilty to Count One of the Superseding Indictment (Doc 21)

charging the Defendant with conspiracy to possess with intent to distribute five (5)

kilograms or more of cocaine, knowing, intending and having reasonable cause to

believe that such substances would be unlawfully imported into the United States,

in violation of 21 U.S.C. §§ 963 and 960(b)(1)(B)(ii).

2)      The Defendant was sentenced on March 26, 2025 by this Honorable

Court to one hundred eighty (180) months imprisonment followed by sixty (60)

months supervised release (Doc 99).  At sentencing the Court granted a three level

5K1.1 after considering two scenarios discussed by both government and defense counsel.

3)    Taken into consideration at the time of sentencing was the United States' Motion for Downward Departure of Defendant's Sentence Based Upon Substantial Assistance (Doc 98). This Motion requested a two-level reduction in Defendant's offense level for his truthful and timely assistance.  The Court ultimately granted a third level.

4)    In evaluating the Defendant's substantial assistance, the parties inadvertently overlooked assistance provided in one additional scenario, which led to an understatement of the full extent of the Defendant's cooperation.

5)    Defendant timely submits this motion within 14 days of sentencing requesting a hearing for the Court to consider the other scenario and determine its impact on the sentence.

6)    The assigned Assistant United States Attorney, Lauren N. Stoia, could not be reached in time for compliance with the filing deadline so her position is not stated herein.

### MEMORANDUM OF LAW

Rule 35(a) allows for the correction of clear error.  At sentencing the Court honored the 5K1.1 motion and granted an additional level based on the totality of the circumstances.  Defendant had a distinct and never presented scenario of

assistance that the parties failed to present to the Court. The additional scenario should be considered by the Court under the extent of the departure to be granted under the 5K or as a variance factor.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court grant the Motion to Reconsider, set aside the Sentence from March 26, 2025, take judicial notice of the prior findings at the previous sentencing hearing, and reset sentencing to hear the merits of the unpresented assistance to determine its impact on the sentence.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **9th day of April 2025**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire